IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ARCHIBALD SADE, | |
| Plaintiff, | |
| v. | Case No. 23-cv-01845-JPG |
| THE PNC FINANCIAL SERVICES GROUP, INC., | |
| Defendant. | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on plaintiff Archibald Sade's response (Doc. 9) to the Court's Order to Show Cause (Doc. 5) why the Court has subject matter jurisdiction over this case. In its order, the Court noted that Sade appeared to be attempting to plead diversity jurisdiction over his state law claims. Diversity jurisdiction requires complete diversity of citizenship among the parties and the amount in controversy to exceed $75,000. 28 U.S.C. § 1332(a)(1).

Diversity Jurisdiction

In his response, Sade asserts diversity jurisdiction exists because he resides in Illinois and defendant PNC Financial Services Group, Inc. ("PNC") resides in Pennsylvania. This is not sufficient to establish complete diversity. First, a complaint asserting diversity jurisdiction must allege the *citizenship* of an individual defendant, not merely *residence*. 28 U.S.C. § 1332(a)(1); *Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002); *Held v. Held*, 137 F.3d 998, 1000 (7th Cir. 1998). Allegations of "residence" are jurisdictionally insufficient. *Steigleder v. McQuesten*, 198 U.S. 141 (1905).

Second, Sade fails to properly allege the citizenship of defendant PNC. A corporation is

a citizen of both the state of its principal place of business and the state of its incorporation. 28 U.S.C. § 1332(c)(1); *Page v. Dem. Nat'l Comm.*, 2 F.4th 630, 635 (7th Cir. 2021). The relevant pleading must affirmatively allege the specific states of incorporation and principal place of business of a corporate party.

Third, Sade fails to allege the amount in controversy.

Sade's pleading is inadequate, but it appears he may be able to cure the foregoing defects in an amended complaint. Accordingly, the Court will allow him to do so.

Federal Question Jurisdiction

Sade also claims the Court has federal question jurisdiction because PNC has violated the Fourteenth Amendment by failing to honor a bill of exchange to credit his bank account.

It is clear that this Court does not have federal question jurisdiction over this case. The Fourteenth Amendment applies to state and local governments and others acting under color of state law, not to private corporations unless they have contracted with a government to provide essential government services, *Glisson v. Indiana Dep't of Corr.*, 849 F.3d 372, 378-79 (7th Cir. 2017), or willfully participate in joint activity with state actors, *Reynolds v. Jamison*, 488 F.3d 756, 764 (7th Cir. 2007); *Cooney v. Rossiter*, 583 F.3d 967, 970 (7th Cir. 2009). Sade's allegations against a private bank suggest nothing of the sort. This case presents to federal question.

Conclusion

Accordingly, the Court **ORDERS** that Sade shall have up to and including July 28, 2023, to amend the faulty pleading to correct its defects in pleading diversity jurisdiction. *See* 28 U.S.C. § 1653. Failure to amend the faulty pleading to cure the defects noted in this order may result in dismissal of this case for lack of subject matter jurisdiction or for failure to prosecute

pursuant to Federal Rule of Civil Procedure 41(b).  Amendment of the faulty pleading to reflect an adequate basis for diversity jurisdiction will satisfy this order.  Sade is directed to consult Local Rule 15.1 regarding amended pleadings and need not seek leave of Court to file such amended pleading.  The Court further **DIRECTS** the Clerk of Court to send Sade a blank civil complaint form.

**IT IS SO ORDERED.**
**Dated: June 27, 2023**

                                                                   s/ J. Phil Gilbert
                                                                   **J. PHIL GILBERT**
                                                                   **DISTRICT JUDGE**