IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ARCHIBALD SADE,<br><br>    Plaintiff,<br><br>    v.<br><br>THE PNC FINANCIAL SERVICES GROUP,<br>INC. and WILLIAM S. DEMCHAK,<br><br>    Defendants. | Case No. 23-cv-01845-JPG |

## MEMORANDUM AND ORDER

This matter comes before the Court on review of plaintiff Archibald Sade's Amended Complaint (Doc. 11), which was filed following the Court's notice of jurisdictional pleading problems in a June 5, 2023, order to show cause (Doc. 5).  In the order to show cause, the Court noted that in his complaint (Doc. 2), Sade makes no showing of this Court's jurisdiction.  He attempts to plead state law causes of action for breach of fiduciary duty and breach of contract, but he fails to allege facts to establish diversity subject matter jurisdiction under 28 U.S.C. § 1332(a) (or any other jurisdictional basis) that would allow this Court to exercise subject matter jurisdiction over this case.  The Court explained to him the requirements of diversity jurisdiction and that it is his burden to show subject matter jurisdiction exists.  It then ordered him to show cause how the Court has subject matter jurisdiction over this case.

Sade responded (Doc. 9) asserting that the Court has diversity as well as federal question jurisdiction.  In reviewing that response (Doc. 10), the Court noted that Sade's attempt to establish complete diversity of the parties was inadequate because he asserted residence rather than citizenship and that he failed to allege the minimum amount in controversy.  It further noted that his attempt to point to a constitutional question failed because defendant PNC Financial

Services Group, Inc. is not bound by the Fourteenth Amendment. However, because the Court believed the defects regarding Sade's pleading of diversity jurisdiction might be cured, it allowed him to file an amended complaint.

Sade's Amended Complaint (Doc. 11) successfully pleads complete diversity of citizenship, but it is still insufficient to establish the minimum amount in controversy. It appears, in a nutshell, that Sade tendered a negotiable instrument, possibly involving a power of attorney, to PNC for deposit in his account, but the funds were not applied to the account and remain unavailable to him. This has caused Sade to incur fees on the account and PNC to threaten to close his account. Sade does not plead the amount of the funds tendered or of the fees incurred, and he does not describe any other damage he suffered because the funds were not deposited in his account.

Sade claims that more than $75,000 is in issue because § 29 of the Federal Reserve Act, 12 U.S.C. § 504, justifies a civil monetary penalty of $1 million per day. That statute provides that banks that violate certain provisions of the Federal Reserve Act are subject to certain civil monetary penalties up to a daily maximum of $1 million of 1% of the offending bank's assets. 12 U.S.C. § 504(d). However, even assuming such a penalty could be imposed for the failure to credit Sade's negotiable instrument, these monetary penalties, unless payable to the plaintiff, do not count toward the amount in controversy. *Compare, Ayala v. Ford Motor Co.*, No. 20-CV-02383-BAS-KSC, 2021 WL 2644506, at *4 (S.D. Cal. June 28, 2021) (statutory civil penalty payable to plaintiff counts toward amount in controversy). They are, in fact, not payable to the plaintiff but to the United States. 12 U.S.C. § 504(e) (penalties shall be collected by the Comptroller of the Currency or the Federal Reserve Board). The plaintiff simply has no stake in any such penalties, and they are not part of the amount in controversy between the parties.

Although Sade does not mention it, there is a private cause of action under the Federal Reserve Act, 12 U.S.C. § 503, that could generate an amount in controversy. However, those private remedies are for certain unlawful conduct by directors and officers, including knowing self-dealing or other misconduct involving bribery, graft, conflicts of interest, embezzlement, theft, false statements, and disclosure of non-public information. Sade does not allege any conduct in these categories.

The Court will give Sade an opportunity to file a second amended complaint to allege facts establishing that more than $75,000 is in issue, exclusive of interest and costs. The Court **ORDERS** that he shall have up to and including August 14, 2023, to file a second amended complaint pleading a sufficient amount in controversy. Should Sade fail to properly plead a sufficient amount in controversy, the Court will dismiss this case without prejudice for lack of subject matter jurisdiction, and Sade may be able to pursue remedies in state court.

**IT IS SO ORDERED.**
**Dated: July 14, 2023**

                                              s/ J. Phil Gilbert
                                              **J. PHIL GILBERT**
                                              **DISTRICT JUDGE**