UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ARCHIBALD SADE,

    Plaintiff,

v.

PNC FINANCIAL GROUP and WILLIAM S. DEMCHAK,

    Defendant.

Case No. 3:23-cv-01845-JPG

# MEMORANDUM AND ORDER

This matter comes before the Court on a motion for Default Judgment (Doc. 25). The Plaintiff filed the motion on August 30, 2023, after the Clerk of Court entered default as to the Defendants (Doc. 24). The Court finds that it lacks jurisdiction and, therefore, justice requires vacating the entry of default and denying the motion. Accordingly, the Court **VACATES** the entry of default against the Defendants and **DENIES** the motion for default judgment.

The Plaintiff filed their initial *pro se* civil rights complaint on March 31, 2023.[1] (Doc. 2). The Plaintiff did not state sufficient grounds for federal jurisdiction in their long, barely decipherable complaint. The *pro se* civil rights complaint form instructs all plaintiffs to be as brief as possible, to list each claim in a separate paragraph, and to not include legal arguments. (*Id.*). The Plaintiff did not follow any of these clear, simple instructions. (*Id.*). Additionally, the Plaintiff alleges a host of different financial crimes against their creditor, PNC Bank, including fraud. (*Id.*). On June 6, the Court issued an order to show cause as to why the case should not be dismissed for lack of jurisdiction, (Doc. 5), and the Plaintiff responded on June 26. (Doc. 9). On June 27, the Court provided the Plaintiff with an opportunity to amend their complaint,

---

[1] Unless otherwise indicated, all events occurred in 2023.

(Doc. 10). On July 5, the Plaintiff filed their amended complaint, but did not plead a sufficient amount in controversy for diversity. (Doc. 11). The Court, upon the Plaintiff's motion, allowed the Plaintiff to amend their complaint a second time on July 17. (Doc. 12). On July 31, the Plaintiff filed a second amended complaint that was even longer and more confusing than the previous two. (Doc. 14). Most of the amended complaint was identical to the original complaint, (*Id.*), (Doc. 2), though some additional details were given. The Plaintiff's supporting memorandum included sensitive financial information that the Court ordered sealed and stricken. (Doc. 27). In response the Plaintiff filed a motion to amend acknowledging, among other things, that their previous complaints did not include sufficient basis for subject matter jurisdiction and have incorrectly named one of the Defendants. (Doc. 28). The Plaintiff filed a third amended complaint alongside their motion (Doc. 29). The third amended complaint was clearer and more organized than the previous three complaints.

      The Plaintiff alleges that they applied for a credit card with a $5,000 limit from PNC. (Doc. 29). The Plaintiff claims they submitted a "bill of exchange" to PNC in payment of their credit card debt—without paying the interest due—and PNC refused to accept the bill as payment in accordance with a standing policy against accepting bills of exchange. (Doc. 14). PNC did not return the physical bill of exchange to the Plaintiff and have prevented the Plaintiff from accessing the account until their debt has been paid. (Doc. 29). Plaintiff claims they have tried administrative remedies and have named PNC's President and CEO as a co-Defendant in this case accordingly. (*Id.*). The complaints are replete with sovereign citizen language claiming, among other things, that Congress abolished the ability for one to pay their own debts. (*Id.*), (Doc. 14), (Doc. 2). Plaintiff asks the Court for an order requiring the Defendants to accept the Plaintiff's "bills of exchange," in perpetuity, an order requiring PNC to raise the Plaintiff's credit

limit by $15,000, and an award of $5,000 in compensatory damages. (Doc. 29).

Despite service of process, the Defendants have not entered an appearance in this case. The Court suspects, given the sophistication of the Defendants, that the person who received service of process was not an authorized agent and did not put PNC on notice of this action. Regardless, due to Defendants' failure to respond, the Clerk of Court, upon the Plaintiffs' motion, entered default against the Defendants on August 25. (Doc. 24). The Plaintiff subsequently moved the Court for default judgment against the Defendants on August 30. (Doc. 25).

Default judgment is a "two stage" process. *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004). A party must be in default before the non-defaulting party moves for default judgement. *See Id.* Default judgments are not taken lightly; "judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984). *United States v. Mesle*, 615 F.3d 1085, 1089 (9th Cir. 2010). To enter or effectuate judgment, courts may hold hearings or conduct referrals when the before entering default judgment to establish the truth of any allegation or investigate any other matter. Fed. R. Civ. Pro. (FRCP) 55(b)(2)(C), (D). As an entry of default is required before default judgment, a court's discretion to investigate can extend to examining and, if necessary, vacating the entry of default. If an entry of default is vacated while a motion for default judgment is pending, the motion for default judgment must necessarily be denied.

Under FRCP 55(c), a court may vacate an entry of default upon good cause. FRCP 55(c). When seeking relief from default, a moving party in default must show "good cause for [their] default," "quick action to correct," and "a meritorious defense." *Arwa Chiropractic, P.C. v. Med-Care Diabetic & Med. Supplies, Inc.*, 961 F.3d 942, 949 (7th Cir. 2020). However, the Federal

Rules of Civil Procedure do not preclude a court from vacating an entry of default on its own motion. So long as there is "'good cause' for the judicial action," *Sims v. EGA Prods.*, 475 F.3d 865, 868 (7th Cir. 2007), the court need not ask whether there is "'good cause' for the defendant's error." *Id.* "Any doubts whether [an entry of default should be vacated] should be resolved in favor of setting aside default." *Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969). Good cause can include fundamental deficiencies in the complaint. *See* FRCP 8(e). Additionally, Federal courts have limited jurisdiction. An objection to subject matter jurisdiction may be raised at any time, including by the court, FRCP 12(h)(3), because, without jurisdiction, a court is not authorized to render judgment. When a court doubts but, due to deficiencies in the complaint, has not yet determined whether it has jurisdiction, the court has good cause—and justice requires—vacating the entry of default.

 Here, due to issues with the complaint, the Court doubts, but has yet to definitively determine, whether it has subject matter jurisdiction over this matter. Consequently, the Court must vacate the entry of default and deny the motion for default judgment, but does not dismiss the action outright. The Plaintiff has organized their complaint into three primary claims: breach of contract, fraud, and negligence. None of the claims meet the threshold amount in controversy for diversity. The claims of breach of contract and negligence do not present a federal question. The only claim that may implicate a federal question is fraud. Thus, subject matter jurisdiction hinges on the fraud claim; if it fails to present a federal question, the Court has no basis to assert jurisdiction.

 Beginning with the complaint, there are several issues. First, the Plaintiff in their amended complaint admits that their previous filings failed to state a claim upon which relief may be granted; yet their newest complaint contains the same allegations as before and it is

unclear what claims specifically the Plaintiff is retracting. Additionally, the Plaintiff lacks standing under the statutes they invoke. In their amended complaint, the Plaintiff continues to invoke criminal statutes, such as 18 U.S.C. 894 ("Collection of Extensions of Credit by Extortion"). However, criminal statutes do not create a private cause of action. *Israel Aircraft Industries Ltd. v. Sanwa Business Credit Corp.*, 16 F.3d 198, 200-01 (7th Cir. 1994) ("[n]o case during the last generation creates a private right of action to enforce a statute cast in the form of a criminal prohibition,"). Even if the Court charitably interpreted the Plaintiff's charge of "securities fraud" as an allegation of "private securities fraud," the Plaintiff still has not adequately pled. The Plaintiff does not allege that a security was ever bought or sold—a required element for private securities fraud, *Erica P. John Fund, Inc. v. Halliburton Co.*, 563 U.S. 804, 809-10 (2011), rather the Plaintiff is suing over the transfer of a collateral security i.e., a bill of exchange. While the Plaintiff is not required to provide evidentiary support in their pleadings, nor allege facts solely in possession of the Defendants, private securities fraud is still subject to the special pleading requirements under FRCP 9(b), *e.g., Beck v. Cantor, Fitzgerald & Co.*, 621 F. Supp. 1547 (N.D. Ill. 1985), and the Plaintiff has not pled fraud with particularity. Because it is unclear what the Plaintiff is alleging, the Plaintiff has no standing, and the Plaintiff has not adequately pled a valid cause of action, the Court finds the claim deficient, not incurably deficient, but deficient enough that allowing default to stand would not be just under FRCP 8(e).

      Moreover, the Court remains unconvinced that it has jurisdiction. The second amended complaint claims this Court has jurisdiction on two grounds: first, that this case falls under the Court's original jurisdiction over admiralty and maritime law, 28 U.S.C. § 1333(1), and second, that this case raises a federal question because the Defendants have allegedly violated federal financial laws; neither applies.

While the latest complaint does not claim original jurisdiction, the second amended complaint does, and it is unclear whether the Plaintiff has retracted it. The claim that this case falls under the Court's original jurisdiction can be disposed of quickly. The Plaintiff argues that *all* debt cases fall under admiralty and maritime law. The basis for this proclamation is an outlandish theory that, by abolishing the gold standard, Congress abolished the ability for one to pay their debts and thereby "removed the substance for our Common Law to operate on." (Doc. 14). Debunking this obviously erroneous theory is unnecessary. Suffice it to say, debt alone does not turn a breach of contract claim into an admiralty or maritime case.

Turning to whether there is a federal question, as explained above, the Plaintiff lacks standing under the criminal statutes they invoke. While the Plaintiff seems to allege some financial crimes that may give rise to a private cause of action, the Plaintiff has failed to plead the required elements. The only relevant facts that the Plaintiff includes—that PNC Financial dishonored one or more "bills of exchange" as payment for credit card debt and retained the dishonored bills—neither offers enough particularity to satisfy the special pleading requirements under FRCP 9(b) nor alleges that a security was bought or sold—a necessary element for a private securities cause of action. Without standing under the invoked statutes and without sufficient, particular claims to establish the necessary elements for a private cause of action; the Court concludes that the Plaintiff's allegations, as currently pled, do not raise a federal question. Without clear indication that there is original, diversity, or federal question jurisdiction; the Court doubts that it has subject matter jurisdiction over these claims. Thus, under *Tolson*, the Court finds that default judgment in this case, currently, would be unjust.

While the Defendants' lack of response is concerning and would ordinarily be sufficient for default judgment, given there appears to be no subject matter jurisdiction, allowing the

Defendants to remain in default would be unjust. While the Court declines to dismiss the case at this time, the Plaintiff has been given three opportunities to amend their complaint to adequately plead jurisdiction. Failure to provide a clear, adequate basis for jurisdiction in their next complaint will result in dismissal for lack of jurisdiction.

## **CONCLUSION**

Believing that justice so requires, the Court finds good cause to **VACATE** the entry of default against the Defendants and accordingly **DENIES** the motion for default judgment. The Court **ADVISES** the Plaintiff that failure to provide a clear, adequate basis for jurisdiction in their next complaint will result in dismissal for lack of jurisdiction.

**IT IS SO ORDERED.**
**DATED:  November 7, 2023**

*s/ J. Phil Gilbert*_____
**J. PHIL GILBERT**
**DISTRICT JUDGE**