UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ARCHIBALD SADE,

        Plaintiff,

    v.

PNC FINANCIAL GROUP,

        Defendant.

Case No. 3:23-cv-01845-JPG

**MEMORANDUM AND ORDER**

    This matter comes before the Court on an Amended Complaint (Doc. 35). The Plaintiff filed their amended complaint, without leave of court, on November 17, 2023. Earlier that day, the Defendants appeared through counsel and filed a response to the order to show cause. (Doc. 34, 30). Because the amount in controversy is below the threshold for diversity, and the Plaintiff's claims do not present a federal question. The Court finds that it lacks subject matter jurisdiction and, therefore, the Court **DISMISSES** this case **without prejudice**.

    The Plaintiff filed their initial *pro se* civil rights complaint on March 31, 2023.[1] (Doc. 2). The Plaintiff did not state sufficient grounds for federal jurisdiction in their long, barely decipherable complaint. The *pro se* civil rights complaint form instructs all plaintiffs to be as brief as possible, to list each claim in a separate paragraph, and to not include legal arguments. (*Id.*). The Plaintiff did not follow any of these clear, simple instructions. (*Id.*). Additionally, the Plaintiff alleges a host of different financial crimes against their creditor, PNC Bank, including fraud. (*Id.*). On June 6, the Court issued an order to show cause as to why the case should not be dismissed for lack of jurisdiction, (Doc. 5), and the Plaintiff responded on June 26. (Doc. 9). On

---

[1] Unless otherwise indicated, all events occurred in 2023.

June 27, the Court provided the Plaintiff with an opportunity to amend their complaint, (Doc. 10). On July 5, the Plaintiff filed their amended complaint, but did not plead a sufficient amount in controversy for diversity. (Doc. 11). The Court, upon the Plaintiff's motion, allowed the Plaintiff to amend their complaint a second time on July 17. (Doc. 12). On July 31, the Plaintiff filed a second amended complaint that was even longer and more confusing than the previous two. (Doc. 14). Most of the amended complaint was identical to the original complaint, (*Id.*), (Doc. 2), though some additional details were given.

The Plaintiff's supporting memorandum included sensitive financial information that the Court ordered sealed and stricken. (Doc. 27). In response the Plaintiff filed a motion to amend acknowledging, among other things, that their previous complaints did not include sufficient basis for subject matter jurisdiction and have incorrectly named one of the Defendants. (Doc. 28). The Plaintiff filed a third amended complaint alongside their motion (Doc. 29). The third amended complaint was clearer and more organized than the previous three complaints.

As the Defendants failed to respond or appear, on October 23, the Court entered an order to show cause as to why the Court should not grant default judgment against the Defendants. (Doc. 30). The Court vacated the entry of default on November 7, and the Defendants responded on November 17, 2023. (Doc. 32, 34). The Defendants claim that they were not properly served and that PNC Financial Services is a parent company of PNC Bank, not the same company. Additionally, the Defendants pointed out that in their previous complaint, the Plaintiff stated that they had incorrectly names the CEO of PNC Financial Services, William S. Demcheck, as a Defendant; thus he should no longer be a party to this litigation. The Plaintiffs have filed another amended complaint that purports to resolve the subject matter jurisdiction question but offers no new, factual details. (Doc. 35).

From the various complaints, the Court gathers that the Plaintiff allegedly applied for a credit card with a $5,000 limit from PNC. (Doc. 29). The Plaintiff claims they submitted a "bill of exchange" to PNC in payment of their credit card debt—without paying the interest due—and PNC refused to accept the bill as payment in accordance with a standing policy against accepting bills of exchange. (Doc. 14). PNC did not return the physical bill of exchange to the Plaintiff and have prevented the Plaintiff from accessing the account until their debt has been paid. (Doc. 29). Plaintiff claims they have tried administrative remedies that were accordingly rejected. (*Id.*). The complaints are replete with sovereign citizen language claiming, among other things, that Congress abolished the ability for one to pay their own debts. (*Id.*), (Doc. 14), (Doc. 2). Plaintiff asks the Court for an order requiring the Defendants to accept the Plaintiff's "bills of exchange," in perpetuity, an order requiring PNC to raise the Plaintiff's credit limit by $15,000, and an award of $4,000 in compensatory damages. (Doc. 29, 35).

The Plaintiff invokes various statutes that, as the Court previously informed the Plaintiff, do not provide them with a cause of action.[2] The newest complaint invokes more statues that do not provide a private cause of action. Contrary to their assertion, the Plaintiff is not on the board of governors of the Federal Reserve, nor is PNC as a nongovernmental actor, capable of violating their constitutional rights.

While the Plaintiff seems to allege some financial crimes that may give rise to a private cause of action, the Plaintiff has failed to plead the required elements. The only relevant facts that the Plaintiff includes—that PNC Bank dishonored one or more "bills of exchange" as payment for credit card debt and retained the dishonored bills—neither offers enough particularity to satisfy the special pleading requirements under FRCP 9(b) nor alleges that a

---

[2] The Plaintiff cites a combination of criminal statues and statutes that create and empower governmental agencies.

security was bought or sold—a necessary element for a private securities cause of action. This, setting aside the question of whether or not a bill of exchange qualifies as a security.

Without standing under the invoked statutes and without sufficient, particular claims to establish the necessary elements for a private cause of action; the Court concludes that the Plaintiff's allegations, as currently pled, do not raise a federal question. The Court has previously informed the Plaintiff of these deficiencies however, despite being given multiple opportunities to properly plead, the Plaintiff has been unable to provide an adequate basis for subject matter jurisdiction. Now that the Defendants have appeared, even more deficiencies have been brought to light. While the Court is obliged to provide pro se litigants with flexibility to allow for the development of a potentially meritorious claim, that flexibility is limited. The Plaintiff has reached that limit.

## CONCLUSION

The Court hereby **DISMISSES** this case **without prejudice** for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**
**DATED:  November 28, 2023**

*s/ J. Phil Gilbert*_____
**J. PHIL GILBERT**
**DISTRICT JUDGE**